UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:02-00112 |
| | ) | JUDGE CAMPBELL |
| ARTAVUS KELLY | ) | |

MEMORANDUM AND ORDER

Pending before the Court is a Motion for a reduction in sentence based on the Fair Sentencing Act and 18 U.S.C. §§ 3582(c)(2) and 3553(a) (Docket No. 88), filed by the Defendant, pro se. The Government has filed a Response (Docket No. 90) to the Motion.

Counsel for Defendant has filed a Motion To File Under Seal (Docket No. 92). The Motion is GRANTED. Counsel has also filed a Motion To Withdraw (Docket No. 91). The Motion To Withdraw is DENIED, as counsel has failed to address the applicability of Anders v. California, 386 U.S. 738 (1967) to this proceeding, and if applicable, to demonstrate compliance with its requirements.

Through the Motion for sentence reduction, the Defendant requests that the Court reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on an amendment to the Sentencing Guidelines that lowered the base offense level for individuals convicted of offenses involving cocaine base, or crack.

Section 3582(c)(2) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–

* * *

(2) in the case of a defendant who has been sentenced to a term of

> imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 750 to the United States Sentencing Guidelines, which became effective on November 1, 2011, the Sentencing Commission lowered the offense levels for cocaine base, or crack, set forth in Sentencing Guideline Section 2D1.1, and through Amendment 759 to Sentencing Guideline Section 1B1.10(c), that change was made retroactive.

Subsection (a) of Sentencing Guideline Section 1B1.10 provides, in pertinent part:

(1) <u>In General</u>. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –

   (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

   (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

On March 19, 2004, the Defendant pled guilty to possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (Docket Nos. 49, 57, 71). Through the Plea Agreement (Docket No. 57), the parties agreed that the Defendant was a career offender, pursuant to U.S.S.G. § 4B1.1, and the Government agreed that if the Defendant

provided substantial assistance, it would recommend a downward departure from the applicable guideline range to a final sentence of 15 years. Prior to sentencing, the Government moved for a substantial assistance departure and, based on the Defendant's cooperation, recommended a sentence of 14 years. (Docket No. 55).

At sentencing, the Court determined that the Defendant's guideline range was 262 to 327 months because his prior convictions rendered him a career offender under U.S.S.G. § 4B1.1. (Judgment (Docket No. 58); Sentencing Transcript, at 3-7 (Docket No. 72)). The Court ultimately granted the Government's motion for substantial assistance, and reduced the Defendant's sentence to 168 months (14 years) of imprisonment with five years of supervised release. (Id.) The Defendant appealed and sought re-sentencing in light of United States v. Booker, 125 S.Ct. 738 (2005), but the Sixth Circuit dismissed the appeal based on the appeal waiver provision set forth in the Plea Agreement. United States v. Artavus Kelly, No. 14-5954 (6th Cir. June 13, 2005).

On April 28, 2008, the Defendant sought a sentence reduction based on an earlier amendment to the crack cocaine sentencing guideline. (Docket Nos. 73, 76). At that time, the Court denied the motion because the Defendant's sentencing range was based on the career offender guideline, rather than the crack cocaine sentencing guideline. (Docket No. 80).

On appeal, the Sixth Circuit affirmed that decision, explaining that:

> Kelly is not eligible for a sentence reduction because his applicable sentencing range was based on the career offender provision of the Guidelines, not the crack provision. A district court may grant a sentence reduction only if the 'defendant ... has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission....' 18 U.S.C. § 3582(c)(2). A crack cocaine defendant whose ultimate sentencing range is based on the career offender provision of the guidelines is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) because, by its terms, § 3582(c)(2) only

3

> applies to defendants whose ultimate sentencing range is subsequently lowered. United States v. Perdue, 572 F.3d 288, 293 (6th Cir.2009). Because Kelly's sentencing range was based in the end on the career offender provision of the Guidelines, not the crack cocaine provision, the amendment did not lower Kelly's sentencing range and Kelly is not eligible for a sentence reduction.

United States v. Kelly, 350 Fed.Appx. 34, 35, 2009 WL 3461567, 1 (6th Cir. Oct. 28, 2009); (Docket No. 85).

Although the Defendant now seeks a reduction under a different amendment to the crack cocaine sentencing guideline, the reasoning of the Sixth Circuit still applies. The commentary following Amendment 750 expressly states that: "Other offenders . . . sentenced pursuant to §§ 4B1.1 (Career Offender) and 4B1.4 (Armed Career Criminal). . . result in sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table." See also United States v. Turner, 2012 WL 171392 (6th Cir. Jan. 23, 2012); United States v. Castro, ___ F.Supp.2d ___, 2012 WL 164845 (E.D.N.Y. Jan. 20, 2012). Accordingly, the Defendant's guideline sentencing range has not been subsequently lowered by Amendment 750, and he is not eligible for a retroactive sentence reduction under 18 U.S.C. § 3582(c)(2). The Defendant's Motion is DENIED.

It is so ORDERED.

                                                                                             TODD J. CAMPBELL
                                                                                              UNITED STATES DISTRICT JUDGE